## DURGIN *versus* BAKER.

In a contract of service, at stipulated wages, for a specified time, "if the parties can agree," either party may terminate it at pleasure, and without showing that there was any reasonable cause of disagreement.

ASSUMPSIT on account annexed, and *quantum meruit* for two months labor.   The contract was, that the plaintiff " should labor for the defendant six months at $13 per month, *if they could agree.*"   The plaintiff worked two months and then quit.   For that labor, this suit is brought.   It was tried in the District Court, HATHAWAY, J.

The Judge was requested by the defendant to instruct the jury, that the plaintiff could not recover, without showing that he had reasonable cause for disagreement.   That instruction was not given.   Verdict for plaintiff.   Exceptions by defendant.

*C. J. Abbott*, for defendant.

Where a contract is made for service for a stated term, if the hired leave before the term expires, without good cause, no wages can be recovered.   *Stark* v. *Parker*, 2 Pick. 267 ; *Thayer* v. *Wadsworth*, 19 Pick. 349 ; *Olmstead* v. *Beal*, *ibid.* 528.

Durgin *v.* Baker.

A contract for a definite term, if the parties can agree, does not differ substantially from the contract in the authorities cited.

In this contract, it is apparent, that the defendant intended to secure the services of the plaintiff for six months ; and that the plaintiff was willing to become bound for that term, under *some* circumstances at least.

The words " if they could agree," are not to have such force given them, as to destroy the *important* clause, " for six months."

If disagreement had arisen from the fault of the plaintiff, would he have been justified in leaving ?   To justify the plaintiff, under such a contract, in leaving before the end of the term, there   must have been   reasonable cause for leaving.

But if the words " if they can agree," do modify the contract, and render it distinguishable from the cases in Pickering, still they are to receive such a construction, as to carry out the intention of the parties.

*Tuck*, for plaintiff.

Howard, J., orally. — The contract reserves to each of the parties the largest liberty.  Neither could control the other. Either might terminate the contract at pleasure.   It was not requisite that he should have a reason for it.   He cannot, therefore, be required to prove one.

*Exceptions overruled.*