## PRENTISS vs. LEDYARD and another.

*Contract for services — Waiver of breach.*

1. An agreement to pay for future services at the rate of a certain sum per year is not of itself a hiring for a year, or for any definite time.
2. Where the employee was to receive payment at a specified rate if he continued temperate and faithful in the employer's service, the fact that he was occasionally intemperate and discontinued the service for short periods, would not prevent his recovering the stipulated rate for the time actually spent in such service, if he was received back into it, and continued therein, without any new arrangement being made, or any intimation given that the old one was terminated.

APPEAL from the County Court of *Milwaukee* County.

Action commenced in a justice's court, against *Ledyard,* upon a contract for services. The complaint alleged that on the first of January, 1869, *Ledyard* entered into a contract with the plaintiff for the services of the latter as clerk and bookkeeper in *Ledyard's* store, "at the rate of $900 per year;" that between said date and May 22, 1870, (a period of sixteen months and twenty-two days), plaintiff faithfully served said defendant from time to time under said contract, for the period of eleven and one-third months, amounting, at the agreed rate, to $850; and that defendant had paid $650 thereof, and was indebted to plaintiff in a balance of $200, for which judgment was demanded. The defendant answered by a general denial, etc.

The justice rendered judgment for plaintiff, and *Ledyard* appealed to the county court, *Wood* becoming surety on his appeal bond. The general effect of the evidence in the county court will appear from the opinion. The defendant's motion for a nonsuit was denied; and after his evidence was in, the court instructed the jury that they must decide whether the contract was as stated by the plaintiff or as stated by defendant; that if it was as claimed by the plaintiff, then if they found that after plaintiff had been absent without defendant's permis-

sion, defendant received him back into his employ, and continued to receive his services, defendant should pay for such services as were actually rendered, and there must be a verdict for plaintiff for the amount claimed; but if the contract was as defendant testified, then their verdict must be in his favor. Instructions were asked by defendant, and refused, to the effect that if there was *no* contract between the parties, or if there was a contract which plaintiff had *failed to perform* on his part, then plaintiff could not recover in *this* action. Verdict for the plaintiff for the sum demanded. Judgment was rendered against both the defendant and the surety (R. S., ch. 140, sec. 50); and they appealed.

*Thos. L. Ogden*, for the appellants, argued that the action being *exclusively* upon the special contract, plaintiff was not entitled to recover without showing a faithful performance of the services (*Tipton v. Feitner*, 20 N. Y., 423, and cases there cited; *Dakin v. Williams*, 11 Wend., 67; *M'Millan v. Vanderlip*, 12 Johns., 165; *Lee v. Merrick*, 8 Wis., 229; Chitty on Con., 501, and notes; *Britton v. Turner*, 6 N. H., 481); that upon plaintiff's own testimony, which showed absence from duty, without defendant's permission, on "little benders," for five months out of sixteen — if the jury had found a verdict for him, it would have been the duty of the court to set it aside (*Hunter v. Warner*, 1 Wis., 141; *Gardinier v. Otis*, 13 id., 460; *Dodge v. McDonnell*, 14 id., 557); and that the court erred, therefore, in denying the motion for a nonsuit. Plaintiff cannot infer any modification of the agreement from defendant's leniency. He must recover, if at all, upon the agreement he has alleged and sworn to, and not upon any modification of it. The doctrine of condonation is applicable only to contracts of a very different nature; and even then future fidelity is a necessarily implied condition.

*E. Fox Cook*, for respondent, cited 1 Chitty's Pl. (7th Am. ed.), 323, 324 and note (f), 354 and note 636; 13 Johns., 53, 57, 94; 12 id., 165, 209, 353; 10 id., 90, 203; Gould's Pl., ch. 4, § 13.

COLE, J.  As we understand the evidence in this case, the plaintiff was to be paid for his services either at the rate of $900 or $700 a year, but no definite time of service was agreed upon.  The plaintiff stated in the complaint, and so testified on the trial, that the agreement was that he was to be paid at the rate of $900 a year.  The defendant, in his testimony, states the contract as follows:  "After he [the plaintiff] had been in my employment some days or weeks, we had a conversation.  I told him if he would serve me faithfully and would be strictly temperate, I would give him $700 per year; and after six months, if he did not drink, and served me faithfully, I would give him $900 per year."  But, as we understand this testimony of the defendant, there was no hiring for a definite period, as for a year,,for which he agreed to pay $700.  But the agreement was merely, that if the plaintiff continued in the employment of the defendant, serving him faithfully, and keeping strictly temperate, he should receive for the first six months at the rate of $700 per year; and after six months he was to receive at the rate of $900 per year, providing he did not drink, and was faithful in his service.  The only disagreement between the parties, is whether, while the employment continued, the plaintiff was to receive pay at the rate of $900 or $700 per year for his services.  Either party, however, was at liberty to terminate the service at any time, no definite period for which the service was to continue having been agreed upon.  This view renders a consideration of .the points made by the counsel for the defendant unnecessary.  It is assumed as the foundation of these points, that the plaintiff agreed to work for the defendant for a definite period, or for an entire year, and that consequently it was essential that the plaintiff show a performance of the contract on his part, as a condition precedent to his bringing the action.  But we think the evidence fails to show that this was the contract.

It certainly appeared that the plaintiff was not steady and faithful in his employment, and that he occasionally left his

service without the consent or knowledge of the defendant. But the defendant received him back again into his service — although manifestly under no obligation to do so; and it is not claimed that there was any understanding, when thus received back again, that he was to be paid at any other rate than the one originally agreed upon. True, there is evidence that the plaintiff, when he came back, promised to reform; but there is nothing in the case to warrant the assumption that his compensation was to be otherwise than as first settled between them. And whether he was to receive at the rate of $900 or $700 per year while the service continued, was a question fairly submitted to the jury upon the evidence.

We therefore see no error in the case which would authorize a reversal of the judgment.

*By the Court.* — The judgment of the county court is affirmed.