FRITZ FINGER, Respondent, v. KOCH & SCHILLING BREW-
ING COMPANY, Appellant.

February 27, 1883.

1. MASTER AND SERVANT — CONTRACT OF HIRING. — An indefinite hiring at a stipulated sum per year is a hiring at will and may be terminated by either party at will.

2. —— BURDEN OF PROOF. — The burden is on him who seeks to establish a contract of hiring for a year.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and remanded.*

LOUIS GOTTSCHALK, for the appellant: An indefinite hiring is a hiring at will; and a hiring at so much a year is an indefinite hiring. This rule is inflexible, and, if applied to this case, shows that plaintiff never was hired for the defi-

nite period of one year. — Wood on Master and Servant, 271–274, sect. 134. Plaintiff in his reply did not justify his acts, but denied them. He should have been non-suited on his evidence. — *Posey* v. *Garth*, 7 Mo. 94; Wood on Master and Servant, sects. 110, 111, 116, 124, 159. The plaintiff could not recover the full amount of his wages, as a matter of course, as this was only the utmost he could get. The measure of damages, as given by the court, was improper. — Wood on Master and Servant, sects. 125–132; *Stone* v. *Vincent*, 7 Mo. App. 277; *Moody* v. *Leverich*, 4 Daly, 401.

GOTTSCHALK & BANTZ, for the respondent, cited: *Bascom* v. *Shillito*, 9 Cent. L. J. 80; *Bleeker* v. *Johnson*, 51 How. Pr. 380; Wood on Master and Servant, sects. 210, 211

LEWIS, P. J., delivered the opinion of the court.

The petition states that the defendant employed the plain tiff on October 8, 1879, for one year, as brewer, at a salary of $2,200, and that he was wrongfully discharged on June 26, 1880; for which breach of contract he demands $500 damages. The answer denies generally, and sets up a justification of the alleged discharge. There was a verdict for the plaintiff.

An indefinite hiring, at so much per day, per month, or per year, is a hiring at will, and may be terminated by either party at any time. If the servant seeks to make out a hiring for a year, the burden is on him to establish it by proof. *De Briar* v. *Minturn*, 1 Cal. 450. The first essential of any right of recovery by the plaintiff in this case is, that his contract for hiring was for the full term of one year. If there was no evidence even tending to show that such was the contract between the parties, the case should have been withdrawn from the jury, and the judgment must here be reversed.

The only evidence upon which the jury were permitted to find that there was a yearly hiring, is contained in the fol-

lowing statements made by the plaintiff as a witness in his own behalf: "Q. What was the bargain when you went there? A. My bargain was for the whole year, $2,200. * * * Q. Who employed you at that time? A. Mr. Schilling. * * * Q. What did he say to you? A. I asked him if I could stay there for the whole year, and he says, 'If you do your work well, all right, you can stay for the year on the same contract what we got.' Q. You had been working there before it was a company? A. I worked pretty near three years before that time. Q. On the 8th of October, when this company was organized, you asked him whether you could stay there, and he told you, if you would do your work all right, you could stay for a year? A. I could stay for a year. Q. Is that all that was said? A. That is all. * * * Q. There was nothing else said than that this was the arrangement, and you went to work? A. I went to work. Q. He told you, if you would do your work right, you could stay there another year, at the same wages you had the year before? A. At the same wages what I had before, what I made with Mrs. Koch. Then Schilling, when he comes in there, he says, I can stay with the same arrangements I made with Mrs. Koch for a year." It is to be observed that all this account is of a single conversation with Schilling. The expression in the last answer, "Then Schilling, when he comes in there," etc., points to the beginning of the conversation, as already detailed; since the witness says nothing of Schilling's coming in a second time. What he means by "the same arrangements I made with Mrs. Koch for a year," he has already explained several times in his references to the rate of wages received from Mrs. Koch. He nowhere states or proves that his contract with Mrs. Koch was for a hiring by the year. Having declared, in another place, that Schilling agreed to employ him on the terms of the Koch arrangement, and that such employment would continue for a year, if he did his work well, he added that

"nothing else was said," and that he went to work upon the understanding thus expressed.

It is quite clear from his statements, what the witness himself understood to be the contract, to wit: that he was to be employed at the same wages which he had received up to that time from Mrs. Koch, and that this was to continue for a year, if he did his work well, *i.e.*, to the satisfaction of his employer. This was not a contract for a year. It was determinable at least at the pleasure of the employer, if not at that of either party. *Durgin* v. *Baker*, 32 Me. 273; *Harper* v. *Hassard*, 113 Mass. 187. In the very nature of such a contract, the question whether the work is done well, or not, must be determined by the employer, and not by the employed.

The testimony tended to show that the plaintiff was discharged for fighting with other employees in the brewery. We need not inquire whether the facts were such as to warrant a discharge, if the contract was for a year, since, in our view of the case, there was no proof whatever of such a contract, and the defendant's demurrer to the evidence ought to have been sustained. The judgment is reversed and the cause remanded. All the judges concur.