ISELY, Respondent, vs. ILLINOIS CENTRAL RAILROAD COM-
PANY, Appellant.

*October 5 — October 23, 1894.*

*Court and jury: Credibility of witnesses: Instructions.*

1. Where much of the testimony in an action was in direct conflict,
   and plaintiff's own testimony conflicted with that given by him on
   former trials, it was error to charge the jury : "It is your duty to
   reconcile the testimony, if it is possible, on the theory that every
   witness has intended to testify truly in the case. The law does not
   presume, and will not presume, that any witness testified falsely.
   Therefore, if it is possible for you to reconcile the evidence on the
   theory that any witness is mistaken either in regard to time or any
   other fact important to be established in this case, it is your duty
   to do it. It is better to assume that the witness has made a mis-
   take than to assume he has lied."

2. On the last trial plaintiff was asked, on cross-examination, whether
   he did or did not, on the former trials, swear as stated in the
   questions. To some of these questions he answered that he had
   testified as stated, but that his testimony was untrue. To many of
   the questions, however, he answered that he could not remember.
   *Held,* that it was error to charge the jury that "when a witness is
   asked if he did not testify so and so before, he will generally say
   that he don't remember,— and I think it is almost impossible for
   witnesses to remember what they have testified to; but they may
   say : 'I don't know. I tried to testify according to the fact then,
   and I am trying to do it now.' A witness can remember the trans-
   action better than he can remember what he testified about it be-
   fore. . . . In the excitement of a trial, in the rapidity with
   which questions are put and are compelled to be answered, a wit-
   ness will sometimes perhaps not half understand the question, and
   he will answer accordingly, so as to put himself in a false position,"
   etc.

APPEAL from the Circuit Court for *Green* County.

This action was commenced in justice's court to recover
the value of ten boxes of Limburger cheese, containing
1,120 pounds, claimed to have been delivered by the plaint-
iff to the defendant at its depot in Argyle, September 13,

1892, for the purpose of having the same transported to Monroe, and consigned to Roth, Luchsinger & Co. at that place, and which cheese, it is alleged, was lost by the defendant and never delivered to the consignees. The defendant denied each and every allegation of the complaint.

The trial in the justice's court resulted in a judgment in favor of the plaintiff, from which the defendant appealed to the circuit court, wherein the cause was retried at the October term of said court for 1893, and upon that trial the jury disagreed. The cause was again tried at the March term of the circuit court for 1894, and at the close of this last trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $97.57. From the judgment entered accordingly the defendant appeals.

For the appellant there were briefs by *P. J. Clawson*, attorney, and *B. J. Stevens*, of counsel, and oral argument by *Mr. Clawson*.

*John M. Becker*, for the respondent, to the point that instructions allowing the jury to reconcile conflicting testimony upon the theory of witnesses being mistaken are proper, cited *Moore v. Kendall*, 2 Pin. 99; *Taylor v. Young*, 61 Wis. 314; *Rudolph v. Lane*, 57 Ind. 115; Sackett, Inst. to Juries, 32, 33.

Cassoday, J. The plaintiff claims that he delivered in all twenty boxes of cheese to the defendant at Argyle, consigned to Roth, Luchsinger & Co. at Monroe; that ten of the boxes were so delivered September 13, 1892, and the other ten September 14, 1892; but that Roth, Luchsinger & Co. only received the ten so shipped September 14, 1892. The defendant admits the receiving of twenty boxes of cheese from the plaintiff September 14, 1892, but claims that only ten of them were consigned to Roth, Luchsinger & Co., and that the other ten were consigned to Charles Roeder & Co., and absolutely denies receiving ten boxes

September 13, 1892. The court properly charged the jury to the effect that if the plaintiff delivered ten boxes of cheese to the defendant at its depot in Argyle, September 13, 1892, then he was entitled to recover the value of the same, but if he did not then he was not entitled to recover. The question submitted, therefore, was purely one of fact for the jury.

The evidence on the part of the defendant is partly written; while that on the part of the plaintiff seems to rest wholly, or almost wholly, upon the memory of witnesses;— and memory is not always reliable in fixing a precise date. Much of the testimony in behalf of the respective parties was in direct conflict. This being so, very much depended upon the credibility of the witnesses. That was peculiarly a question for the jury. The plaintiff was sworn and examined as a witness in his own behalf on each of the three trials mentioned. His testimony on these three several trials appears to have been more or less conflicting. On his cross-examination upon the last trial, he was confronted with portions of his testimony on the former trials, and asked whether he did or did not swear as stated in the questions. To some of these questions he testified that he had previously testified as stated, but that such testimony was untrue; and to a very large number of the questions he answered to the effect that he did not recollect or could not remember. Under these circumstances, we think it was error for the trial court to charge the jury as follows: " It is your duty to reconcile the testimony, if it is possible, on the theory that every witness has intended to testify truly in the case. The law does not presume, and will not presume, that any witness testified falsely. Therefore, if it is. possible for you to reconcile the evidence on the theory that any witness is mistaken either in regard to time or any other fact important to be established in this case, it is.

Isely vs. Illinois Central R. Co.

your duty to do it. It is better to assume that the witness has made a mistake than to assume he has lied."

Thompson on Trials states the correct rule, and says: "The judge must be careful not to trench upon the exclusive province of the jury in determining the credibility of particular witnesses, or the degree of credit to be given to particular elements of the evidence. . . . He should not undertake to control the freedom of their judgment in dealing with the probabilities of the testimony, by laying down artificial presumptions to control them in arriving at their verdict. Thus, he should not tell them that, in passing on the credibility of a witness, they should consider that it is a rule of law — a presumption — that men testify truly and not falsely." 2 Thomp. Trials, § 2420.

The court further charged the jury as follows: "Where a case has been tried one or more times before it is tried lastly in the circuit court, and a witness is asked if he did not testify so and so before, *he will generally say that he don't remember,— and I think it is almost impossible for witnesses to remember what they have testified to;* but they may say in this way: 'I don't know. I tried to testify according to the fact then, and I am trying to do it now.' A witness can remember the transaction better than he can remember what he testified about it before. That is the universal rule; and I think it is proper that I should call your attention to that. In the excitement of a trial, in the rapidity with which questions are put and are compelled to be answered, a witness will sometimes perhaps not half understand the question, and he will answer accordingly, so as to put himself in a false position. Then he is questioned, when the case comes to be tried again: 'Didn't you testify so and so?' He says he don't remember; *and it is impossible to remember*, although, as I said, if I were on the stand as a witness and was testifying, I should say," as above stated. This, as we think, was not

only an invasion of the province of the jury, but, under the peculiar circumstances mentioned, an argument in favor of the credibility of the plaintiff's testimony. 2 Thomp. Trials, § 2420; *Lampe v. Kennedy*, 60 Wis. 110.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.