# CHARLESTON.

Resener v. Watts, Ritter & Company.

Submitted December 2, 1913. Decided December 9, 1913.

1. Master and Servant—*Contract of Employment—Termination.*
   An employment upon a monthly or annual salary, if no definite period is otherwise stated or proved for its continuance, is presumed to be a hiring at will, which either party may at any time determine at his pleasure without liability for breach of contract. (p. 344).

2. Same—*Contract of Employment—Construction.*
   The burden of proving that such hiring was obligatory for a year rests on the party who seeks to establish that the contract covered that period. (p. 344).

3. Same.
   Unless the understanding was *mutual* that the service was to

extend for a certain fixed and definite period, it is an indefinite hiring, and is determinable at the will of either party.   (p. 346).

Error to Circuit Court, Cabell County.

Action by H. A. Resener against Watts, Ritter & Co. Judgment for plaintiff, and from an order granting a new trial, plaintiff brings error.

*Reversed, motion for new trial overruled, and judgment entered on the verdict.*

*Geo. S. Wallace,* for plaintiff in error.

*Holt, Duncan & Holt,* for defendant in error.

LYNCH, JUDGE:

Upon the general issue in assumpsit, the jury found in favor of plaintiff $576.83, claimed by him as a balance due under a contract of employment.   The court, on motion of defendant, set aside the verdict as ''contrary to the law and the evidence,'' and awarded a new trial.   By his writ of error, plaintiff asks reversal of this ruling and a judgment here upon the verdict.

His contention is that the contract proved is a general or indefinite hiring, terminable at will; that, upon voluntary withdrawal therefrom, he is entitled to the compensation then earned, represented by the sum sued for.   Defendant, on the other hand, claims the employment was for the definite period of one year, and that, having quit before full performance, plaintiff can not recover on the contract or on a *quantum meruit.*

The terms of the contract, except its duration, are clearly proven.   In the latter part of 1907, plaintiff entered the employment of defendant, a wholesale dealer in dry goods and notions, as traveling salesman, upon an agreement for a monthly salary and expenses, and the further compensation of five per cent commissions, in excess of salary and expenses, on goods sold by him, the excess to be ascertained and paid on settlements made at the end of each year.   No definite duration was fixed for the employment.  Plaintiff worked until December, 1908, when he was paid the commissions due for the year, and a new contract made with the same terms except that the monthly salary was increased and new territory

added.  Watts, president of the company, says the contract
was "for one year," but he does not further indicate there
was a *mutual* agreement to that effect.  Plaintiff continued
to work under this contract until the close of 1909, except
that his commissions were reduced by Watts in February
from five to three per cent.  Upon the annual settlement at
the close of 1909, no commissions were due plaintiff, his com-
missions being ten dollars less than the aggregate of his salary
and expenses for that year.  Both he and Watts say no new
arrangement was made for 1910; that the agreement for 1909
continued without change.  During the employment, defend-
ant rendered monthly statements to plaintiff, showing both
the sums paid him as salary and expenses and the amount of
goods sold by him during the preceding month.  Plaintiff
continued in the employment of the company until May, 1910,
when, having become interested as stockholder in another
similar company, he notified Watts of his intention to dis-
continue his previous engagements, and, without objection
by defendant, quit its service.  He had then earned in that
year $576.83 in commissions in excess of salary and expenses.
To recover this balance, he instituted this action, having al-
ready received all salary and expenses then due.

These are the facts from which we must determine whether
the employment was for a year or at will.  This is the crucial
test of plaintiff's right to recovery.  No proof defines the
duration of the employment.  It is general, not definite.  Be-
ing of such indefinite character, it is necessary to ascertain
by construction the extent of the engagement.

The authorities, while not wholly in accord, generally state
the doctrine applicable to such cases to be that an employ-
ment upon a weekly, monthly or annual salary, if no definite
period is otherwise stated or proved for its continuance, is
presumed to be a hiring at will.  Many authorities so hold.
*Edwards* v. *Seaboard Railroad Co.*, 121 N. C. 490; *Currier* v.
*Lumber Co.*, 150 N. C. 694, 134 Am. St. 955; *Finger* v. *Brew-
ing Co.*, 13 Mo. App. 310; *Evans* v. *Railway Co.*, 24 Mo. App.
114; *Hotchkiss* v. *Godkin*, 71 N. Y. S. 629; *Cycle Co.* v. *Teeter*,
18 Ind. App. 476; *Bentley* v. *Smith*, 3 Ga. App. 242; *Prentiss*
v. *Ledyard*, 28 Wis. 131; *Haney* v. *Caldwell*, 35 Ark. 156;
*Booth* v. *India Rubber Co.*, 19 R. I. 696; *Orr* v. *Ward*, 73 Ill.

318. 1 Labatt on Mas. & Serv. §159, says: "The doctrine applied by the great majority of the courts, which have so far (1913) expressed an opinion on the subject, consists essentially in a complete repudiation of the presumption that a general or indefinite hiring is a hiring for a year, and the substitution of another presumption, viz., that such a hiring is a hiring at will. Under this doctrine, the burden of proving that such hiring was obligatory for a year rests on the party who seeks to establish that the contract covered that period." So *Martin* v. *Insurance Co.*, 148 N. Y. 117, says that "a hiring at so much a year, no time being specified, is an indefinite hiring; and such hiring is one at will, and may be terminated at any time by either party." Wood on Mas. & Serv. §136 states the doctrine even stronger—that "a hiring at so much a day, week, month or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve; * * and in such cases the contract may be put an end to by either party at any time, unless the time is fixed, and a recovery had, at the rate fixed, for the services actually rendered". *Greer* v. *Arlington Mills Co.*, 1 Penn. (Del.) 581, though with greater caution, declares that "a hiring at a certain sum a year, no time being specified, and unaccompanied by any fact or circumstances in proof from which a different intent may be inferred, and when the testimony as to the contract is not conflicting, is an employment for an indefinite period, and not for a year, and is determinable at any time at the option of either party thereto".

Application of this test does not lead to the conclusion that, upon the facts disclosed here, the contract required plaintiff to serve during the year 1910. Defendant changed its terms in February, 1909, from a five to a three per cent commission, conceding to its salesmen the option to quit or further continue in its employment. It paid the salary and expenses, except commissions, at the end of each month, and commissions at the end of each year—in case of the latter, only because until that time it could not ascertain whether the amount due to each saleman exceeded his salary and expenses. This postponement was thus a necessary convenience, solely for the purpose of an annual adjustment of accounts,

and not an essential ingredient of the contract of employment.
. For defendant, it is urged that plaintiff's testimony shows
an annual employment. We do not reach that conclusion.
His statement, that the same arrangement was made or modi-
fied for the next succeeding year, does not mean that when
so made or modified it required his services for an entire
year. Nor is defendant's testimony on this subject in any
degree convincing. It is true, he says that at the end of each
year the contract was renewed for the succeeding year, and
was to cover a year. But for 1909 it did not thus continue,
because altered, as we have seen, in February of that year.
He then construed it as a contract at will, and, therefore,
subject to alteration or revocation. Again, it is not sufficient
for defendant to state only that the contract was for a year,
and that he did not contract with his salesmen for a shorter
period, without more. He must, in view of the authorities
cited, also show that plaintiff so understood and agreed to the
contract as one requiring service during such period. "Un-
less their understanding was mutual that the service was to
extend for a certain fixed and definite period, it is an indefinite
hiring, and is determinable at the will of either party".
Wood on Mas. & Serv. §136; *Railway Co.* v. *Roberson*, 3 Col.
142, 146; *Iron Co.* v. *Carpenter*, 67 Md. 554, 557; *Prentiss*
v. *Ledyard*, 28 Wis. 131; *Orr* v. *Ward*, 73 Ill. 318; *Haney* v.
*Caldwell*, 35 Ark. 156. Here there is no such proof. To
constitute an agreement, the minds of the parties must concur,
or meet upon its terms; otherwise there is no agreement.

Besides, it was a question for the jury to say, by its verdict,
under the instructions clearly presenting the theories of the
parties, whether the contract required a year's service; which
inquiry it thereby answered in the negative. Both by reason
and authority, the burden to show a definite term of em-
ployment rested with defendant, as the contract did not ex-
pressly state the term. The court erred in disturbing the
finding of the jury.

Our conclusion is that the contract proved was for an in-
definite term, and, therefore, revocable at the will of either
party. Being of that opinion, we reverse the judgment of
the trial court, overrule defendant's motion for a new trial,
and enter judgment on the verdict of the jury.

*Reversed, motion for new trial overruled, and judgment entered on the verdict.*