Joseph Mullaney *v.* C. H. Goss Company.

May Term, 1923.

Present: Watson, C. J., Powers, Taylor, and Slack, JJ.

Opinion filed October 3, 1923.

*Witnesses—Impeachment—Evidence—Offer Including Inadmissible Matter Properly Excluded—Impeaching Statements of Party Evidence of Facts Therein Stated—Master and Servant—Indefinite Contract—Termination.*

1. In an action for breach of contract of employment, plaintiff tesified that he entered into a contract for one year's employment

with defendant on May 28, then deciding not to accept employment previously offered by another person elsewhere, to impeach which defendant offered parts of a letter written such other person by defendant June 8 next following, in effect that such other offer did not seem to afford any real business opportunity, *held* that such offered evidence was properly excluded, as plaintiff might have made his decision when claimed and not have communicated it until later.

2. Where portions of a letter written by a party, offered for the purpose of impeaching his testimony, included statements of a third person which could have no force as impeaching evidence, exclusion of the entire offer was proper.

3. A charge that the jury should, if they could, harmonize what was said by plaintiff in parts of a letter, admitted in evidence, and his testimony on the witness stand, with a view that he testified to the truth, it being presumed that a witness testified to the truth on the stand, trenched upon the exclusive province of the jury to determine the credibility of witnesses and the weight to be given their testimony, the law recognizing no presumption that persons testify truly and not falsely.

4. Failure of a court to instruct the jury that impeaching statements, made by a party, should be considered as evidence to show the facts therein asserted, was reversible error.

5. Where a contract of employment was for so long a time as the conditions of business warranted, it was indefinite in duration.

6. Under a contract for employment indefinite in duration, the law does not imply that it is to continue for a reasonable time, in view of all the circumstances, but it is a hiring at will, either party having the right at any time to terminate the employment.

ACTION OF CONTRACT to recover for alleged breach of a contract of employment. Plea, the general issue. Trial at the December Term, 1922, Caledonia County, *Butler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*Shields & Conant* for the defendant.

A contract of indefinite duration may be terminated at will in the absence of statute or custom to the contrary. *Harrod*

v. *Wineman,* 146 Iowa, 718, 125 N. W. 812; *E. L. & R. R. Ry. Co.* v. *Scott,* 72 Tex. 75, 10 S. W. 102, 13 A. S. R. 758; *Boyer et al.* v. *Western Union Tel. Co.,* 124 Fed. 246; *Speeder Cycle Co.* v. *Feeters,* 18 Ind. App. 474, 48 N. E. 59; *Warden* v *Hines,* 163 Fed. 201, 90 C. C. A. 449, 25 L. R. A. (N. S.) 529; *Jones* v. *Mahar,* 116 N. Y. S. 180, judgment affirmed, 125 N. Y. S. 1126; *Currier* v. *W. M. Ritter Lumber Co.,* (N. C.) 64 S. E. 763; *Hudson* v. *C. N. O. T. & P. Ry. Co.,* 152 Ky. 711, 154 S. W. 49, 45 L. R. A. (N. S.) 184; *Bentley* v. *Smith et al.,* 3 Ga. App. 242, 59 S. E. 720; *Resener* v. *Watts, Ritter & Co.,* 73 W. Va. 342, 80 S. E. 839, 51 L. R. A. (N. S.) 629; *Lord* v. *Goldberg et al.,* 22 Pac. 1126, 15 A. S. R. 82; *Christensen* v. *Pacific Coast Borax Co.,* 26 Ore. 302, 38 Pac. 127; *McKelvy* v. *Choctaw Cotton Oil Co.,* 52 Okla. 81, 152 Pac. 414; *Ashley D. & M. Ry. Co.* v. *Cunningham,* 196 S. W. 798; *Lambie* v. *Sloss Iron & Steel Co.,* (Ala.) 24 So. 108; *Savannah F. & W. Ry. Co.* v. *Willett,* 43 Fla. 311, 31 So. 2461; 26 Cyc. 974; 18 R. C. L. 508; Note 11 A. L. R., p. 470.

*Searles & Graves* for the plaintiff.

Where an executory contract provides for the doing of some act other than payment of money, and leaves the time of performance wholly indefinite, the law supposes the parties intended a reasonable time. *Reynolds* v. *Reynolds,* 74 Vt. 463; *Hayden* v. *Hoadley,* 94 Vt. 345.

WATSON, C. J. The plaintiff, a painter, seeks to recover damages by reason of an alleged breach of contract which he claims to have had with the defendant.

Plaintiff's evidence tended to show that while working for defendant as foreman in its paint shop at St. Johnsbury, with a wage of $60 a week, he was informed that defendant contemplated reducing his wages to $45 a week, and took some action toward procuring employment in Gardner, Massachusetts. With matters standing in this way to the knowledge of both parties, negotiations were had between them, defendant acting by its assistant manager, Mr. Tann, resulting in their making a contract whereby plaintiff was to continue in defendant's service at the same wage of $60 a week. This new contract was made on May 28, 1921, plaintiff's services under it to begin June first.

So far there is no material difference in the understanding of the parties as to the terms of the contract. They disagree, however, as to the specified time for the duration of the services: The plaintiff testified that the contract was for one year; while Tann, called as a witness by defendant, testified that the agreed duration was not one year, but that it was specified to be "so long as conditions warranted" the payment of that weekly wage. The duration of the specified term of service was therefore the vital question in the case.

[1, 2]  It appears that on June 8, 1921, plaintiff wrote a letter to Mr. Frizzell, the president of the Gardner company with which he had been having some negotiations concerning going to work for it, and in connection therewith having some interest in the company. Some parts of this letter were introduced in evidence by defendant as tending to impeach the testimony given by plaintiff that his contract with defendant (made May 28, 1921) was for one year. Another part of the letter reads: "No, Mr. Frizzell, I can't see that there is any real business opportunity for me down there. True we may take on an agency, but agencies are not always a success as the location of the garage definitely excludes any possibilities of the sale of accessories and such things." This part was offered in evidence for the purpose of impeaching the testimony of plaintiff that he made his decision not to go there on the last of May, 1921, and to the exclusion of the offer exception was saved. For aught appearing in that part of the letter, plaintiff may have made his decision in May, and yet not have communicated it to Frizzell until the sending of this letter. There was no error in the ruling. So much of the letter as had not already been received in evidence, was offered for the purpose of impeaching the testimony of the plaintiff on his claim that he had an offer by the Gardner corporation of $60 a week for a year, and exception saved to its exclusion. The plaintiff states in the letter that he had submitted the business statement of the latter corporation "to one of my closest friends, a banker, and his advice was not to buy." The letter then goes on to state what the banker said and did about the matter. This statement had no force as impeaching evidence and was inadmissible for such purpose; and since it was part of the offer, there was no error in excluding the whole.

[3, 4]    Exception was taken to the charge that the jury should, if they could, harmonize what was said by plaintiff in the parts of the forementioned letter, admitted in evidence, and his testimony on the witness stand, with the view that he testified to the truth, it being presumed that a witness testified to the truth on the stand.   A similar legal question was before this Court and carefully examined on principle and on authorities named, in *Noyes* v. *Parker*, 64 Vt. 379, 24 Atl. 12.   There the trial court refused to comply with a request to instruct the jury that testimony tending to show that a witness has made statements out of court which contradict his testimony in court, "is to be weighed with caution."   The request was held to have been properly refused, the Court saying: "This request required the court to state to the jury as a matter of law that a certain kind of testimony was to be weighed with caution.   The law does not give this, nor any other kind of testimony, if believed by the jury to be true, any particular weight or lack of weight as compared with other testimony.   While the court, in its discretion, may give certain cautionary instruction in regard to some kinds of testimony, in so doing, it 'must be careful not to trench upon the exclusive province of the jury in determining the credibility of particular witnesses, or the degree of credit to be given to particular elements of the evidence.   He may instruct them as to the *rule* but not as to the weight of the evidence; that is to say, he should not instruct them as to the relative weight of the testimony, or the credibility of the witnesses.' " The decision there made on this subject was adhered to in the later case of *State* v. *Powers*, 72 Vt. 168, 47 Atl. 830.   Not mindful of these decisions, the trial court went even further in the instant case than the request in the Noyes case, by instructing the jury, in effect, to harmonize if possible the plaintiff's written statements out of court with what he said as a witness in court, it being presumed that he testified to the truth.   Such an instruction can not be approved.   It trenches upon the exclusive province of the jury to determine the credibility of witnesses and the weight to be given to their testimony.   The law recognizes no presumption that persons testify truly and not falsely. *State* v. *Jones*, 77 N. C. 520; *State* v. *Taylor*, 57 S. C. 483, 35 S. E. 729, 76 A. S. R. 575; *State* v. *Halverson*, 103 Minn. 265, 114 N. W. 957, 14 L. R. A. (N. S.) 947, 123 A. S. R. 326; *Chicago Union Traction Co.* v. *O'Brien*, 219 Ill. 303, 76 N. E. 341; *Isely*

v. *Illinois Central Ry. Co.,* 88 Wis. 453, 60 N. W. 794. And in this connection further, the exception must be sustained to the failure of the court to instruct the jury that the impeaching statements in the letter were also to be considered as evidence tending to show the facts to be as asserted in those statements. *Melendy* v. *Bradford,* 56 Vt. 148.

[5, 6]　The court correctly charged that if the contract made with plaintiff was as defendant's evidence tended to show, namely, not for a specified time of one year, but for so long as the conditions of business warranted the payment of $60 a week for his services, it was indefinite in duration. In the same connection, however, the court further said that its duration being indefinite, the law implies that the contract was to continue for a reasonable time in view of all the circumstances. Exception was taken to this part of the charge in respect to the contract continuing for a reasonable time, the ground of the exception being, in effect, that since under the terms of the contract shown by defendant's evidence, the duration of the employment was for an indefinite time, defendant had a right to terminate it at any time. The court submitted the question of whether defendant permitted the plaintiff to continue his service for a reasonable length of time in view of the circumstances, saying that if defendant failed to do that, then there was a breach of contract and defendant is liable in damages. Exception was saved to leaving the question of reasonable time to the jury in this connection. Each of these exceptions must be sustained. The principle of reasonable time had no application. The contract of employment, as shown by defendant's evidence, being indefinite in duration, the doctrine in this country, laid down by a great majority of the courts having the question before them, is that it was a hiring at will, under which either party had the right at any time to terminate the employment. Mr. Labatt says in his work on Master and Servant, Secs. 159-160, that the preponderance of American authority in favor of this doctrine is so great that it is now scarcely open to criticism. Some of the many cases supporting this rule are the following: *Martin* v. *New York L. Ins. Co.,* 148 N. Y. 117, 42 N. E. 516; *Watson* v. *Gugino,* 204 N. Y. 535, 98 N. E. 19, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215; *Louisville & N. R. R. Co.* v. *Offutt,* 99 Ky. 427, 36 S. W. 181, 59 A. S. R. 467; *Booth* v. *National India Rubber Co.,* 19 R. I. 696, 36 Atl. 714; *Harrod* v. *Wineman,* 146

Iowa, 718, 125 N. W. 812; *Currier* v. *W. M. Ritter Lum. Co.,* 150 N. C. 694, 64 S. E. 763, 134 A. S. R. 955; *Resener* v. *Watts, Ritter & Co.,* 73 W. Va. 342, 80 S. E. 839, 51 L. R. A. (N. S.) 629; *Harper* v. *Hassard,* 113 Mass. 187.

*Judgment reversed and cause remanded.*