No. 10,974.

HUNT *v.* CENTRAL SAVINGS BANK AND TRUST COMPANY.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Action to foreclose mortgage.   Judgment for plaintiff.

*Affirmed.*

1.   BILLS AND NOTES—*Promissory Note—Consideration.*   Agreement to forbear constitutes a consideration for a promissory note, and that it is for an indefinite time is no objection.

2.    *Defense—Novation.* In an action to foreclose a mortgage se-
      curing a promissory note, the defense that a new note was
      executed by the principal debtor, for the amount of the indebted-
      ness as a novation, released the mortgaged property of the
      surety, overruled, it appearing that the new note was held
      collateral for the original debt.

*Error to the District Court of Saguache County, Hon.
Jesse C. Wiley, Judge.*

Mr. JOHN I. PALMER, for plaintiff in error.

Messrs. CORLETT & CORLETT, Mr. S. E. MARSHALL, for
defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank, defendant in error, had judgment, after a
trial to the court, in a suit to foreclose a mortgage which
secured a promissory note signed by plaintiff in error and
her husband, R. E. Hunt. She brings error.

R. E. Hunt owed the bank a note for $3,120. As collat-
eral thereto he deposited a note from himself to one Ed.
Hunt, secured by chattel mortgage and endorsed by Ed.
Hunt. The principal note being due, the plaintiff in error
and her husband executed the note in suit, secured by mort-
gage on her land and he deposited it as further collateral
to the principal note.

She pleaded three defenses: First, That her signature
was without consideration. Second. That she delivered
the note in suit as collateral to the note of R. E. Hunt with-
out other consideration, of which the bank had notice, and
that the bank afterwards and without her knowledge or
consent extended the time for payment of the principal
note. Third. That after the delivery of the note in suit
as collateral as aforesaid, R. E. Hunt executed and deliv-
ered to the bank a new note for $3,406 as a novation (sic),
including the principal and interest of the original prin-
cipal note. The claim is that any of these defenses is

enough to release a surety and that Mrs. Hunt was a surety. All the defenses were denied.

As to the first point: There was evidence that there was an agreement for an indefinite extension of the principal note if Mrs. Hunt would deliver the note and mortgage in suit. We must presume that the court found this to be true and it is elementary that an agreement to forbear constitutes a consideration. That it is for an indefinite time is no objection. *Fisk M. & M. Co. v. Reed,* 32 Colo. 506, 521, 77 Pac. 240.

The second defense is disposed of by what we have said above. The extension of the principal note was by agreement. Both the plaintiff in error and her husband, by the way, begged for further extension.

As to the third defense: The principal note was not surrendered upon the delivery of the new one, but was retained as collateral to it with all its own collateral. There was, therefore, no attempt to hold Mrs. Hunt as security for a new, but for the same old debt and note. It follows that none of the defenses was made good by evidence.

Counsel for plaintiff in error in his reply brief claims that he is relying on an oral contract that the note in suit was to be used as collateral only and that therefore his client was a guarantor, without primary liability, and that because she was not liable on the principal note the negotiable instruments act has no application. If, however, we are right in what we have said above, all this is immaterial, and, along with several other points noticed in the briefs, requires no consideration.

Judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.