## No. 13,248.

BORLAND *v.* JOHN F. SASS PRINTING COMPANY.
(32 P. [2d] 827)

Decided April 30, 1934.

54

Mr. John C. Vivian, for plaintiff in error.

Mr. Jackson M. Seawell, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as Borland and the company respectively.

Borland sued the company for $10,000 actual, and $5,000 exemplary, damages for breach of an alleged contract. A demurrer to the complaint for want of facts was sustained, Borland elected to stand, and to review the judgment of dismissal thereupon entered against him he prosecutes this writ. The sole question here is, Does the complaint state a cause of action?

It is alleged that Borland on December 1, 1930, bought twenty shares of stock in the company at $100 per share under a contract with the company that he should be elected vice president and be employed at $35

per week "so long as he should hold his stock in said company"; that the stock was issued to him; that he was elected vice president and so employed; that about a year later his compensation was reduced to $25; that about two months thereafter he was deposed as vice president and his employment discontinued; and that the personnel of the board of directors of the company at the date of the contract, and the date of its breach, was identical.

Counsel for Borland in his "statement of the case" sets forth many alleged facts not appearing in the complaint. These we must ignore.

██ ██ It will be observed that the alleged contract left Borland free to work for the company or not, as he might elect, and no definite limitation was fixed on the term of his employment. Such contracts are generally construed as employments at will which may be terminated by either party. *Mullaney v. C. H. Gross Co.,* 97 Vt. 82, 122 Atl. 430; *Watson v. Gugino,* 204 N. Y. 535; 98 N. E. 18, 39 L. R. A. (N. S.) 1090. Counsel for Borland cites to the contrary the following Colorado cases. *Fisk M. & M. Co. v. Reed,* 32 Colo. 506, 510, 77 Pac. 240; *Henderson v. Spratlen,* 44 Colo. 278, 98 Pac. 14; *Hunt v. Central Savings Bank,* 76 Colo. 480, 231 Pac. 60. They are not in point. In the Fisk case the contract was for the payment of a "just and proper proportion of said cost of drainage." In the Henderson case the contract was for payment of an amount "reasonably necessary." Each turned upon the general rule that whatever is capable of being made certain is certain. The Hunt case involved only the proposition that an agreement to forbear constitutes a consideration, not invalidated by the fact that the term of forbearance is not fixed.

All the arguments, however, ignore two other fatal defects in this complaint, one by allegation, the other by omission.

██ This alleged contract surrendered to Borland, at his will and for an unlimited time, the power and duty

of stockholders or directors to elect officers and select employees. The statutes and public policy will not permit such a surrender. C. L. 1921, §2243, par. 8; Id. §§2250, 2251 and 2263; 14A. C. J., p. 71, §1835; Id., p. 49, §1800; *West v. Camden,* 135 U. S. 507, 520, 10 Sup. Ct. 838, 34 L. Ed. 254.

█ Since Borland's alleged contract only provided for his office and employment "so long as he should hold his stock," and since the complaint fails to allege that at the date of any breach of said contract he still held all his stock, or any of it, the demurrer was good for this reason if no other.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.