# William Overlock v. Central Vermont Public Service Corporation

[ 237 A.2d 356 ]

October Term, 1967

Present: Shangraw, Barney, Smith, Keyser, JJ., and Daley, Chief Supr. Judge.

Opinion Filed December 20, 1967

*Ehrich & Mollica* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

**Barney, J.** By certified questions, this Court is asked whether counts three and four of the plaintiff's complaint state a cause of action. The lower court ruled that they do not. The counts read:

## COUNT THREE

1. That in the course of his employment for the Defendant as a lineman, the Plaintiff, on October 13, 1959, fell from a tree and was severely injured.

2. That as a result of his injuries the Plaintiff became totally and permanently disabled.

3. That during October, 1959, certain persons interested in the welfare of the Plaintiff decided to take up a collection among the residents of the area where Plaintiff resided for the benefit of the Plaintiff.

4. That a duly authorized agent of the Defendant, in order to induce these persons not to take up the collection, promised them that there was no need to take up the collection because the Defendant would take care of the Plaintiff for the rest of the Plaintiff's life.

5. That the Defendant should have reasonably expected that in reliance on this promise these persons would not take up the collection for the Plaintiff.

6. That in justifiable reliance on that promise these perons ceased all efforts to take up the collection.

7. That as a result of their not having done so, the Plaintiff has lost the expected proceeds of the collection.

8. That the Defendant has since refused to take care of the Plaintiff for life.

## COUNT FOUR

1. That in the course of his employment for the Defendant as a lineman, the Plaintiff, on October 13, 1959, fell from a tree and was severely injured.

2. That as a result of his injuries the Plaintiff became totally and permanently disabled.

3. That during October, 1959, certain persons interested in the welfare of the Plaintiff decided to take up a collection among the residents of the area where Plaintiff resided for the benefit of the Plaintiff.

4. That a duly authorized agent of the Defendant, in order to induce these persons not to take up the collection, promised them that there was no need to take up the collection because the Defendant would take care of the Plaintiff for the rest of the Plaintiff's life.

5. That the acts of these persons in deciding to take up a collection for the Plaintiff's benefit and in later deciding not to take up the collection because Defendant, by its duly authorized agent, promised to take care of Plaintiff for the rest of the Plaintiff's life, were subsequently ratified by the Plaintiff thereby making them the acts of the duly authorized agents of the Plaintiff.

6. That the Defendant should have reasonably expected that in reliance on this promise these persons would not take up the collection for the Plaintiff.

7. That in justifiable reliance on that promise these persons ceased all efforts to take up the collection.

8. That as a result of their not having done so, the Plaintiff has lost the expected proceeds of the collection.

9. That the Defendant has since refused to take care of the Plaintiff for life.

[█   An examination of these pleadings demonstrates we are dealing with something other than the usual contract relationship. No claim is made here of any promise running directly from the defendant to the plaintiff. Neither is the defendant charged with wrongful interference with any contractual relationship between the plaintiff and another party, as in *Mitchell* v. *Aldrich,* 122 Vt. 19, 22, 163 A.2d 833. Indeed, it could not be, on the allegations of this complaint, since they show the transaction between the plaintiff and the third parties as an unexecuted proposal by the parties to collect gift funds for the plaintiff, without any reliance or change of position on the part of the plaintiff. Such an offer to make a gift is an unenforceable right. *Eastern*

*States Agricultural & Industrial League* v. *Est. of Vail*, 97 Vt. 495, 506, 124 A. 568, 38 A.L.R. 845; *Cox* v. *Town of Mt. Tabor*, 41 Vt. 28, 31-32. *Mitchell* v. *Aldrich, supra*, 122 Vt. 19, 23, 163 A.2d 833, presupposes a contractual, rather than a donative, right, even though it speaks of the wrong of interference as justifying recovery although the contractual right had not ripened into enforceability.

The only remaining relationship is between the defendant and those who would solicit on behalf of the plaintiff. Here, again, there is concededly no true contractual relationship. It is acknowledged that the defendant did not state that it was its intention to take care of the plaintiff for life, only if the solicitation on behalf of the plaintiff was abandoned.

■ The plaintiff, in recognition of this state of the matter, relies on a doctrine, sometimes known as promissory estoppel, to convert the alleged representations of the defendant to the solicitors into a binding contract. The principle involved is stated in the Restatement of Contracts, Section 90, in this form:

> A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise.

There are circumstances where insistence on consideration on exchange of promises may reduce the law to ritual, producing injustice and unconscionable advantage. The courts have responded to the pressures inherent in this kind of situation in many ways, over the years. Partial performance, slight consideration or tenuous promises have been stretched to bring the rightful remedy within reach. 1 Williston on Contracts 3rd ed. sec. 140, 611-9 (1957). All this ultimately developed into a recognition that, in certain situations, the inducing of unbargained-for reliance left the position of the parties such that the statement or representation inducing such reliance ought to be enforced.

Although it found earliest recognition in various special cases relating to such matters as charitable subscription, waivers, promises of gifts of land, gratuitous bailments or agencies, bonus and pension claims, rent reduction, and other particular situations, it is now recognized as a generalized principle. See generally Boyer, Promissory

Estoppel: Principle from Precedents I, II, 50 Mich.L.Rev. 639, 873 (1952). The Supreme Court of Oregon, in *Schafer* v. *Fraser,* 206 Or. 466, 481, 290 P.2d 190, 206, 294 P.2d 609, said:

> Therefore, we believe that the doctrine of reliance, whereby an unrecompensed promise can be rendered enforceable, is one of general application; provided, of course, that the individual case is brought fully within the rigorous exactions of the doctrine.

Rigorous exactions are required because the impact of an enforceable promise is unexpected and unintended in these cases. The reliance is not specifically bargained for, and the promise is gratuitous. The elements are stated this way in Boyer, Promissory Estoppel: Requirements and Limitations of the Doctrine, 98 U.Pa.L.Rev. 459, 460 (March, 1950):

> 1. Was there a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of a promisee?
>
> 2. Did the promise induce such action or forbearance?
>
> 3. Can injustice be avoided only by enforcement of the promise?

■ It is clear that reliance is the basis, and detriment is the justification. There is no bargain. See Boyer, Promissory Estoppel: Principle from Precedents II, *supra,* 50 Mich.L.Rev. 873, 898 (1952). Thus, it is important to keep to the limits of the doctrine expressed in Restatement, Section 90. Navin, Some Comments on Unilateral Contracts and Restatement, Section 90, 46 Marq.L.Rev. 162, 175 (1962).

Going straight to the assorted reliance in response to the alleged promise, what action is set out in this case? Only that certain unnamed persons did not undertake a solicitation for funds for a gift to the plaintiff. Is this a detrimental change of position which requires redress? Is there real loss to the promisees? See Simpson, Promises without Consideration and Third Party Beneficiary Contracts in American and English Law, 15 Intern. & Comp.L.Q. 835, 848 (1966).

■■ We are not now talking in terms of consideration. An act sufficient for purposes of sustaining an intended and deliberate contractual agreement, may fall far short of being the detrimental reliance necessary for resort to the doctrine represented by Restatement, Section 90, which calls for the inducement of "action or forbearance of

a definite and substantial character." The action in this case is inaction; it is not even forbearance in the sense of an abandonment or deferment of an enforceable right. A promise can be so illusory that any action in reliance on it cannot be effective. See 1A Corbin on Contracts, sec. 201, p. 223 (1963). Similarly it would appear here that this "forbearance" is likewise illusory. No position has been changed.

It cannot be denied that there has been some kind of a disappointment. But it is the disappointment of an unexecuted gift, from the standpoint of the plaintiff. This is not reliance, nor change of position, even if third party beneficiary rights are recognized in Restatement, Section 90 promises. See Restatement. (Second) Contracts, sec. 90, Comment (Tent. Draft No. 2, 1965). This possibility is also suggested in 1A Corbin on Contracts, sec. 193, note 1, p. 189 (1963), but Boyer in Promissory Estoppel: Requirements and Limitations of the Doctrine, *supra*, 98 U.Pa.L.Rev. 459, 465, says flatly:

> It asks too much of a promisor to require that he consider whether or not his promise will induce action by a third party * * *. To hold a promisor because third parties have or may have changed position in reliance on his promise runs counter to the general trend of promissory obligations. The Restatement expressly limits the doctrine to action or forbearance on the part of the promisee. The limitation is a sound one for it tends to keep promissory estoppel within justifiable limits.

In any event, the essential detrimental reliance is lacking here. The invocation of a claimed agency relation, effective or not, does not in any way provide this prerequisite. A pleading which does not set out a detrimental change of position in reliance on the claimed promise, fails to state a cause of action. *Hughes* v. *Encyclopedia Britannica, Inc.,* 1 Ill.App.2d 514, 521, 117 N.E.2d 880, 42 A.L.R.2d 456. See also *Federal Compress & Warehouse Co.* v. *Hall,* 209 Ark. 274, 189 S.W.2d 922.

This, without more, is enough to confirm the action of the court below dismissing counts 3 and 4. We answer the certified questions accordingly.

*The question of law certified to this Court from Bennington County Court is answered in the negative as to both counts three and four, and the cause is remanded.*