### David A. Rich v. Denis N. Chadwick and Industrial Tool Specialist, Inc.

[385 A.2d 677]

No. 148-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 4, 1978

*Parker and Lamb, Ltd.*, Springfield, for Plaintiff.

*Kiel & Freeman*, Springfield, for Defendants.

**Larrow, J.** Plaintiff Rich in his action below sought varied relief from a claimed breach of a contract with defendant Chadwick and a corporation formed by him, Industrial Tool Specialist, Inc. Plaintiff claimed wrongful discharge, failure to pay for services rendered, failure to honor a stock purchase option, and other incidental breaches. An extensive recital of the facts involved can serve no useful purpose, because the procedural morass created by the trial court, culminating in an order dismissing the complaint, requires remand for trial.

The case was set for jury trial pursuant to defendants' jury demand. No waiver of that demand appears to have been attempted. Indeed, such a demand, once made, cannot be withdrawn without the consent of the parties. V.R.C.P. 38(d). A jury was in fact drawn, although trial before it does not appear to have even been commenced. Instead, more than two weeks after the jury drawing, the court commenced a hearing "for construction of the terms and conditions" contained in the original written agreement between the parties. There appears to have been no pending motion before the court, defendants' motion for summary judgment having been denied by an earlier ruling. Following an extensive hearing, the presiding judge entered a purported order, signed by neither of the assistant judges, in which he incorporated findings, not only as to the original contract, but as to plaintiff's

subsequent employment by the defendants, sales made by him, compensation paid him, the nature of his performance, his failure to request stock issuance, the making of a subsequent agreement, and intervening payments to defendant Chadwick and other stockholders. He concluded that the stock purchase option existed only during employment, that it had not been exercised during that time, that the corporation was not bound by the pre-incorporation contract, and that plaintiff therefore was discharged properly. The order dismissed the complaint.

■■ We do not examine the legal issues raised by the litigation, because in our judgment they still await proper disposition by the trial court. Despite the purported limited scope of the hearing at its inception, it seems to have ripened into a trial of all the issues presented, without the assistance of the waiting jury. We only note, for guidance in the appropriate trial to follow remand, that the quoted principle that the defendant Chadwick, as a matter of law, could not commit the defendant corporation which had not yet been formed, is clearly not the law of this jurisdiction. *Koerber* v. *Middlesex College*, 128 Vt. 11, 258 A.2d 572 (1969), is authority for the proposition that a subsequently formed corporation may, by accepting the benefits of a contract, ratify that contract, even without formal or documented action. The procedural errors and the denial of jury trial cannot be condoned on the basis of a dispositive legal ruling, because that ruling was erroneous.

*Reversed and remanded.*