**Alice A. Jones v. William Keogh, Individually and as Executive Director of The Associated General Contractors of Vermont, Inc.; The Associated General Contractors of Vermont, Inc.; and Gerald Brown, John A. Russell, Jr. and James Pizzagalli**

[409 A.2d 581]

No. 101-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Tavian M. Mayer* and *John A. Burgess,* Law Offices of *John A. Burgess,* and *Ryan & Ryan,* Montpelier, for Plaintiff.

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendants.

**Hill, J.** Plaintiff appeals from the superior court's dismissal of her complaint for failure to state a claim upon which relief could be granted. V.R.C.P. 12(b)(6). She contends that this Court's decision in *Mullaney* v. *C. H. Goss Co.,* 97 Vt. 82, 122 A. 430 (1923), which held that a contract for employment for an indeterminate period of time may be terminated by either party at any time with or without cause, should be reevaluated in light of developments in the law since 1923. We disagree and affirm the superior court's order.

Assuming, as we must, that the factual allegations in plaintiff's pleadings are true, *Reynolds* v. *Sullivan,* 136 Vt. 1, 383 A.2d 609 (1978), the complaint discloses that plaintiff was hired by defendant, Associated General Contractors (Associated), on July 12, 1976, and worked as an employee at will until November 14, 1978, at which time she was fired by defendant, William Keogh (Keogh), executive director of defendant Associated. The discharge resulted from a dispute between plaintiff and Keogh concerning Associated's policies with respect to vacation time and sick leave. Keogh disputed the existence of the policies on which plaintiff claimed reliance and stated that in any event he could change those policies at will.

Plaintiff alleged that she had been wrongfully discharged without cause and that such discharge was motivated by bad faith, malice and was in retaliation to her asserting her rights.

The basic common law rule which still is widely accepted is that which was pronounced by this Court in *Mullaney* v. *C. H. Goss Co., supra.* Ever present in those opinions recognizing

the common law rule is the concern that acceptance of a rule extending enforceable contract rights to an at will employee would destroy the mutuality of obligation extant in such employment relationships. See Summers, *Individual Protection Against Unjust Dismissal: Time for a Statute*, 62 Va. L. Rev. 481, 484-91 (1976). Accordingly, courts generally have been unwilling to uphold suits by discharged employees at will unless there is a *clear and compelling* public policy against the reason advanced for the discharge. See, e.g., *Nees* v. *Hocks*, 272 Ore. 210, 536 P.2d 512 (1975) (dismissal for serving on a jury); *Frampton* v. *Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973) (dismissal for filing a workmen's compensation claim); *Petermann* v. *Teamsters Local 396*, 174 Cal. App. 2d 184, 344 P.2d 25 (1959) (dismissal for refusal to give perjured testimony). See also *Geary* v. *United States Steel Corp.*, 456 Pa. 171, 183-84 n.16, 319 A.2d 174, 180 n.16 (1974). But see *Monge* v. *Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) (employee's suit upheld based on public policy that maintaining proper balance between employers' and employees' concerns is in the best interests of the public and the economic system).

While full employment and employer-employee harmony are noble goals to which society aspires, they alone do not present the clear and compelling public policies upon which courts have been willing to rely in upholding an action for discharge of an employee at will. Nor is the fact that bad faith, malice and retaliation are motives upon which we look askance sufficient to impel us to find a clear and compelling public policy where, as here, there is none. This is not to say, of course, that the legislature could not provide the remedy plaintiff seeks. See Summers, *supra*.

The order of the superior court dismissing plaintiff's complaint was proper.

*Affirmed.*