## David A. Rich v. Denis Chadwick and Industrial Tool Specialists, Inc.

[430 A.2d 1280]

No. 230-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed April 24, 1981

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Plaintiff.

*Kiel, Freeman & Boylan*, Springfield, for Defendant.

**Barney, C.J.** This case arises from the severance of the plaintiff from the employ of the defendant corporation by act of its president, Chadwick. The matter was before this Court previously, as reported in 136 Vt. 122, 385 A.2d 677 (1978). Unhappily, the misfortunes of the case on first hearing were not substantially lessened on retrial. Although the nature of the problems changed, proper resolution still eludes attainment. A verdict in favor of the plaintiff for $45,000 must be set aside and the cause returned for retrial.

The history of the dispute starts with an effort by two people, the plaintiff Rich and the defendant Chadwick, to start up a business. Chadwick was the moving party and solicited Rich, whom he knew from when they were both salesmen for the same company in Cleveland, Ohio, to work with him and help establish the Industrial Tool Specialists, Inc. An agreement was reached between them, the details of which are part of the controversy, and Rich came to Springfield, Vermont. About two years after the business started up, Chadwick discharged Rich. This suit was the result.

██  In the course of developing his case, the plaintiff recited his employment history up to the time of going to work for Industrial Tool Specialists, Inc. On cross-examination, the defendants sought to extend that examination into his employment history after his discharge from the defendant corporation. The trial judge excluded that on the basis that it exceeded the scope of direct examination. This is clearly error. The rule referred to by the court applies to witnesses, and here we have a party. "[W]here the witness is a party, there is a right to cross-examine on any material matter whether covered by direct examination or not." *Knight* v. *Willey*, 120 Vt. 256, 261, 138 A.2d 596, 600 (1958). Since this testimony bore on damages and the measure of any recovery by the plaintiff, its exclusion was error.

██  A second claim of error relates to interpretation of the business agreement between Rich and Chadwick. The trial judge ruled as a matter of law that the agreement is a contract for employment for a term of three years even while acknowledging that the contract itself states no specific term. If there was a term attached to the agreement it is determinable only by inference, and the inferences do not compel one

necessary result. The plaintiff advanced as reasonable interpretations a three-year term based on a stock option provision, or a seven-year term added to the three years based on a stock purchase provision. The defendants requested a charge and argued in their brief that the contract should be construed as being of an indefinite term. Such interpretation affects Chadwick's right to discharge Rich with or without cause. *Jones* v. *Keogh*, 137 Vt. 562, 409 A.2d 581 (1979); *Mullaney* v. *C. H. Goss Co.*, 97 Vt. 82, 122 A. 430 (1923). In any event the agreement is ambiguous as to what type of employment contract it is. When the contract is ambiguous, the function of the jury is invoked to determine its meaning as an issue of fact. *William Feinstein Brothers, Inc.* v. *L. Z. Hotte Granite Co.*, 123 Vt. 167, 171, 184 A.2d 540, 542 (1962). It was for the judge to charge the jury as to the legal consequences of each of the alternatives presented by the facts and for the jury to apply that law to the contractual meaning it finds from the facts. It was error for the trial judge simply to rule as a matter of law that the agreement was one for employment for a term in the presence of alternative reasonable constructions of the facts.

■ A third claim of error relates to the rental value of business property used by the corporation. It was the position of the plaintiff that the defendant Chadwick breached the agreement between himself and Chadwick by charging and receiving excessive rent for that property, which Chadwick owned. Although the plaintiff introduced evidence as to the value of the defendant Chadwick's property and the amount of the rent that the corporation paid to the defendant, he never introduced testimony that established the fair rental value of the property, nor did he establish his competency to testify about the fair rental value of the property. Thus, the case was left with an essential claim of breach of the agreement, on plaintiff's own theory of the case, unevidenced. But the issue was given to the jury to decide, in the face of that shortcoming. This was error. *Smith* v. *DeMetre*, 119 Vt. 73, 78, 118 A.2d 346, 350 (1955).

Other grounds for reversal are urged, but since those already noted require a remand and the other grounds very likely will not recur on retrial, we need not consider them.

*State v. Bartlett*, 136 Vt. 142, 144, 385 A.2d 1109, 1110 (1978).

*Reversed and remanded.*