## Raymond M. Larose v. Agway, Inc.

[508 A.2d 1364]

No. 84-253

Present: Hill, Peck, Gibson and Hayes, JJ., and
Barney, C.J. (Ret.), Specially Assigned

Opinion Filed March 21, 1986

*Richard A. Gadbois*, Enosburg Falls, and *Michael Rose*, St. Albans (On the Brief), for Plaintiff-Appellant.

*John D. Monahan* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellee.

**Hayes, J.** Plaintiff, Raymond M. Larose, sued defendant, Agway, Inc., for wrongful termination of his employment. In his complaint, plaintiff alleged that, by adopting certain personnel rules and regulations, defendant promised its employees that an employee who completes his probationary period will be clearly warned on his first offense in case of unsatisfactory performance. Plaintiff contends that he was discharged from his position without warning or notice of any kind after completing his probationary period.

Defendant moved for summary judgment on the grounds that, as an employee at will, plaintiff had no cause of action for wrongful termination. The trial court granted defendant's motion, and dismissed plaintiff's complaint. We affirm.

On appeal, plaintiff contends, among other things, that the provisions of the personnel manual were enforceable as a part of the employment agreement. Defendant hired plaintiff at a stated salary, but not for a definite period of time. Plaintiff became eligible for certain other benefits that defendant extended to regular employees. His employment ended after being confronted by management with allegations that he had falsified credit information.

Under V.R.C.P. 56, a party moving for summary judgment must satisfy a two-part test. First, he must show that no dispute over issues of *material* fact exists between the parties. Second, he must have a valid legal position that entitles him to judgment as a matter of law. *Gore* v. *Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981); V.R.C.P. 56(c). V.R.C.P. 56 pro-

vides a method for piercing the allegations in the pleadings to obtain relief by introducing outside evidence showing that no fact issues need to be tried. See 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2712, at 569 (1983).

■ It is the law in this jurisdiction that "an employment contract for an indefinite term is an 'at will' agreement, terminable at any time, for any reason or for none at all." *Sherman* v. *Rutland Hospital, Inc.*, 146 Vt. 204, 207, 500 A.2d 230, 232 (1985); *Brower* v. *Holmes Transportation, Inc.*, 140 Vt. 114, 117, 435 A.2d 952, 953 (1981), *overruled on other grounds*, *Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 471 A.2d 224 (1983); *Jones* v. *Keogh*, 137 Vt. 562, 563-64, 409 A.2d 581, 582 (1979); *Mullaney* v. *C.H. Goss Co.*, 97 Vt. 82, 87, 122 A. 430, 432 (1923). The fact that an employee is hired for a period of indefinite duration, however, does not preclude him and his employer from bargaining for, and agreeing to be bound by, termination procedures set forth in a personnel manual. *Sherman, supra*, 146 Vt. at 207, 500 A.2d at 232.

The *Sherman* case is similar to the case at bar in that it also involved a dispute over whether the terms of a personnel manual were part of an employment agreement. In *Sherman*, however, the jury found as fact plaintiff's contentions that the terms of the personnel manual were bargained for by the parties, and that the parties agreed to make those terms a part of plaintiff's employment agreement. *Id.* at 208, 500 A.2d at 233.

■ The case at bar is clearly distinguishable from *Sherman* because plaintiff Larose and defendant Agway, Inc. stipulated, through their attorneys, that the policies and procedures in the pertinent personnel manual are adopted, enforced, implemented, and amended by Agway unilaterally. The parties further agreed that the provisions in the manual are not negotiated for by employees, either at the time of hiring or at such time as Agway chooses to amend the manual. In light of the stipulation between the parties, no genuine factual dispute exists as to the terms of the employment contract. Thus, plaintiff can not prevail on the basis of a specific employment agreement.

■ Nor can plaintiff prevail upon a theory of promissory estoppel. Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restate-

ment (Second) of Contracts § 90 (1981). In promissory estoppel, "reliance is the basis, and detriment is the justification." *Overlock v. Central Vermont Public Service Corp.*, 126 Vt. 549, 553, 237 A.2d 356, 359 (1967). No bargain is involved. *Id.* Nothing in plaintiff's complaint, or in plaintiff's affidavit submitted in opposition to the motion for summary judgment, or in the stipulation of the parties suggests that plaintiff was aware of, or relied upon, the provisions of the personnel manual in deciding to enter into or to remain in defendant's employment. In a word, a pleading which does not allege a detrimental change of position in reliance on the claimed promise falls short of stating a cause of action based on promissory estoppel. See *Overlock, supra*, 126 Vt. at 554, 237 A.2d at 359.

When, as here, the facts asserted by plaintiff are such that, if proved, there could be no recovery, the question on a motion for summary judgment for defendant becomes one of law and a proper matter for summary disposition. *Greyhound Corp. v. Excess Insurance Co. of America*, 233 F.2d 630, 636 (5th Cir. 1956).

After reviewing the pertinent documents, we find no legal theory upon which plaintiff could prevail.

*Affirmed.*