WATERMAN, Justice (dissenting).
I respectfully dissent. This is the wrong case to decide whether contract employees can bring a common law claim for wrongful termination in violation of public policy, a tort specifically created to provide a remedy for at-will employees. Susan Ackerman is not a private contract employee; she is a state employee with both statutory remedies and contract remedies under a collective bargaining agreement. The majority ignores the dispositive threshold question of whether a government employee in Ackerman's position with statutory remedies can also sue under the common law tort. The majority hides the ball by failing to acknowledge that the source of Ackerman's public policy claim is the very statute that provides her remedy. Because her common law claim fails as a matter of law, we should stop there and save for another day the question of whether the common law tort should remain limited to at-will employees.
The tort of wrongful discharge in violation of public policy exists only when two conditions are present: (1) a clearly articulated public policy has been violated and (2) a compelling need for a tort remedy has arisen because no other remedy is available. See Dorshkind v. Oak Park Place of Dubuque II, L.L.C. , 835 N.W.2d 293, 303 (Iowa 2013) ("[T]he exception is narrowly circumscribed to only those policies clearly defined and well-recognized to protect those with a compelling need for protection from wrongful discharge."); Harvey v. Care Initiatives, Inc. , 634 N.W.2d 681, 684 (Iowa 2001) ("In *623 Springer [v. Weeks & Leo Co. , 429 N.W.2d 558, 560-61 (Iowa 1988) ], we adopted the tort of wrongful discharge primarily out of need .... We reasoned that an employer could otherwise trample on clear public policy mandates and expectations in terminating employees."). Ackerman cannot meet the second requirement, which bars her from bringing this common law tort claim because another remedy is available-the remedy provided in Iowa Code section 70A.28 (2015).
I would affirm the district court's ruling dismissing Ackerman's common law claim. Ackerman may pursue contract remedies under the public employee union collective bargaining agreement (CBA). She may also proceed with her statutory right of action under Iowa Code section 70A.28. There is no need to create a third avenue of recovery, especially one that is at odds with the governing legislative enactment- section 70A.28. This is not a case involving a wrong without a remedy that cries out for a judicially created common law tort. Ackerman already has statutory as well as contractual remedies.
In Harvey , we emphasized that "we must refrain from extending protection to workers from unfair treatment after our legislature has weighed in on the issue and established the parameters of the governing public policy." 634 N.W.2d at 686. Ackerman relies on section 70A.28 as the statement of public policy underlying her common law tort claim. But this same section also provides statutory remedies, rendering this common law tort claim unavailable to Ackerman.
We allowed at-will employees to bring common law wrongful-discharge claims providing for punitive damages and emotional distress damages in order to vindicate important public interests codified in statutes (such as the right to file a workers' compensation claim) only when the statute itself did not create a private right of action to protect that interest. See Springer , 429 N.W.2d at 560-61. But we have never recognized a common law claim for wrongful discharge in violation of public policy when a statute, indeed the same statute providing the source of the public policy, also codifies a statutory right of action. To do so now flies in the face of the policy choices of the elected branches to disallow punitive damages and emotional distress damages for government whistleblowers. See Iowa Code § 70A.28(5)(a ) (allowing only "reinstatement, with or without back pay, or any other equitable relief the court deems appropriate, including attorney fees and costs").[2] Under some circumstances, we can create common law claims that are supplementary and complementary to preexisting statutes. But we have no business as a court creating a common law public policy claim at odds with the statute of origin. Doing so violates the separation of powers. The legislature itself has defined the scope of the public policy in this enactment governing lawsuits by state employees discharged for whistleblowing. And the legislature can have the *624 last word here by overruling today's decision.
The Restatement of Employment Law, which the majority overlooks, recognizes the body of law precluding common law wrongful-discharge public policy torts when, as here, the state's civil service statute provides remedies. Comment e to section 5.01, "Wrongful Discharge in Violation of Public Policy," states,
Courts have also found that many state civil-service statutes create a comprehensive regulatory scheme with adequate remedies against wrongful government-employer decisions, and thus have precluded common-law public-policy claims based on violations of these statutes. Civil-service employees typically cannot recover in tort for a wrongful discharge in violation of public policy. Courts are reluctant to recognize a parallel common-law action that might undermine the civil-service system's administrative scheme and its balance between employee and employer interests.
Restatement of Emp't Law § 5.01 cmt. e , at 191 (Am. Law Inst. 2015). Illustration 3 provides,
Employee E is employed by state S and covered by the state's civil-service system. That system provides administrative procedures protecting employees against discharge without cause and authorizes reinstatement with back pay for violations. E is summoned for jury duty, and notifies his supervisor that E will miss work for that reason. E is discharged for being absent from work while on jury duty. E has no common-law tort claim for wrongful discharge in violation of public policy under this Section because the state's comprehensive civil-service system provides E with an adequate remedy.
Id. § 5.01 cmt. e , illus. 3, at 192. I would follow the Restatement.
The majority notes the State did not move for dismissal on the ground that section 70A.28 provides the exclusive remedy, and accordingly, the majority does not reach that exclusivity issue. The majority instead remands the case to the district court.
Yet in Walsh v. Wahlert , we held that a state employee cannot bring a common law cause of action for wrongful termination in violation of public policy because the civil service system "provides a comprehensive framework for the resolution of such claims." 913 N.W.2d 517, 526 (Iowa 2018) (citing Van Baale v. City of Des Moines , 550 N.W.2d 153, 156 (Iowa 1996), abrogated on other grounds by Godfrey v. State , 898 N.W.2d 844, 872 (Iowa 2017) ). Walsh is consistent with the Restatement quoted above and requires dismissal of Ackerman's common law wrongful-discharge claim on remand.
Apart from section 70A.28, Ackerman also has a remedy under the CBA and Iowa Code section 20.7(3), both of which provide she may only be terminated for just or proper cause. The State specifically raised this point below, and the district court also relied on it as an additional ground for dismissal.
Count VIII provides Plaintiff with an additional avenue for remedy through wrongful discharge. Plaintiff's employment is subject to a collective bargaining agreement, negotiated for her and others in her position. To the extent that the agreement provides for a remedy relating to wrongful discharge, Plaintiff is not allowed to apply the narrow exception Iowa courts have reserved for at-will employment to her current situation.
I agree with the district court and would decline to extend the common law tort to contract employees. This common law tort *625 has always been recognized as a narrow "public-policy exception to the general rule of at-will employment." Dorshkind , 835 N.W.2d at 300. We never extended it to contract employees before today, and in every case allowing the tort, we noted the employee's at-will status. I would not abandon the at-will requirement expressed in all of our decisions to date.
As the majority notes, the United States Court of Appeals for the Eighth Circuit reviewed our caselaw to hold only at-will employees may recover under this theory. Hagen v. Siouxland Obstetrics & Gynecology, PC , 799 F.3d 922, 930-31 (8th Cir. 2015). Many other jurisdictions are in accord. See, e.g. , Keeshan v. Eau Claire Coop. Health Ctrs., Inc. , 394 F. App'x 987, 992-93 (4th Cir. 2010) (per curiam) (Under South Carolina law, the plaintiff "could not avail herself of the public policy exception [for wrongful discharge in violation of public policy] because she was not an at-will employee of" her employer.); Egan v. Wells Fargo Alarm Servs. , 23 F.3d 1444, 1446 (8th Cir. 1994) ("[U]nder Missouri law, contract employees-those employed for a 'definite term' and who cannot be discharged without just cause-have no state law cause of action for wrongful discharge" because the public-policy exception is limited to at-will employees.); Fugate v. Frontier W. Va., Inc. , No. 2:17-cv-00559, 2017 WL 3065216, at *2 (S.D. W. Va. July 19, 2017) ("The common law cause of action [for wrongful discharge in violation of public policy] recognized [by the Supreme Court of Appeals of West Virginia] ... is available only to at will employees."); Randleman v. Johnson , 162 F.Supp.3d 482, 488 (M.D.N.C. 2016) (Under North Carolina law, "the tort of wrongful discharge arises only in the context of employees at will." (quoting Wagoner v. Elkin City Sch. Bd. of Educ. , 113 N.C.App. 579, 440 S.E.2d 119, 125 (1994) ) ); Schroer v. Baldwin Filters, Inc. , No. 8:13CV101, 2013 WL 5781721, at *6 (D. Neb. Oct. 25, 2013) ("Nebraska case law clearly states being an at-will employee is a factual prerequisite to asserting a claim for wrongful termination in violation of public policy."); Cullen v. E.H. Friedrich Co. , 910 F.Supp. 815, 821 (D. Mass. 1995) (Under Massachusetts law, "[t]he cause of action [for wrongful discharge in violation of public policy] is only available to 'at-will' employees."); Laramee v. French & Bean Co. , 830 F.Supp. 803, 806 (D. Vt. 1993) (The protection of employees against "discharges which are in violation of a clear and compelling public policy ... is not provided to employees whose discharge is contractually protected by a just cause provision of a collective bargaining agreement." (Citations omitted.) ); Tomlinson v. Bd. of Educ. of Bristol , 226 Conn. 704, 629 A.2d 333, 347 n.18 (1993) ("[T]he right to recover in tort for wrongful discharge extends only to employees at will." (quoting D'Ulisse-Cupo v. Bd. of Dirs. , 202 Conn. 206, 520 A.2d 217, 220 n.1 (1987) ) ); Silva v. Albuquerque Assembly & Distrib. Freeport Warehouse Corp. , 106 N.M. 19, 738 P.2d 513, 515 (1987) ("Obviously, if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable."); Haynes v. Zoological Soc'y of Cincinnati , 73 Ohio St.3d 254, 652 N.E.2d 948, 951 (1995) ("[I]n order for an employee to bring a cause of action [for wrongful termination in violation of public policy], that employee must have been an employee at will."); Phillips v. Babcock & Wilcox , 349 Pa.Super. 351, 503 A.2d 36, 38 (1986) ("[W]e hold that an action for the tort of wrongful discharge is available only when the employment relationship is at will."); Hermreck v. United Parcel Serv., Inc. , 938 P.2d 863, 867 (Wyo. 1997) ("Where an employment contract is present, *626 there does not exist any necessity for invoking a separate action for the tort of retaliatory discharge as to vindicate public policy.").
Contract employees have contract remedies. I would follow the foregoing precedent holding the tort of wrongful discharge in violation of public policy is only available to at-will employees. And I would not purport to hold otherwise in a case in which the plaintiff, a government contract employee who also has statutory remedies, lacks a viable common law claim.
For these reasons, I respectfully dissent.
Mansfield, J., joins this dissent.

In Godfrey v. State , a majority of our court concluded the absence of punitive damages under the Iowa Civil Rights Act (ICRA) did not make its statutory remedies inadequate. 898 N.W.2d 844, 881 (Iowa 2017) (Cady, C.J., concurring in part and dissenting in part) ("While not providing punitive damages, [the ICRA] provides full compensation and attorney fees. On these facts, I do not believe an independent Bivens -type action is necessary for the sole purpose of providing a punitive-damages remedy."); id. at 893 (Mansfield, J., dissenting) ("Once the legislature has provided a remedy, it is not the role of the judiciary to provide a different remedy unless the existing remedy is so deficient as to amount to a denial of due process.").